---

## Case No. 7,784.

### In re KING.

[1 N. Y. Leg. Obs. 22; 5 Law Rep. 320.]

District Court, S. D. New York. 1842.

BANKRUPTCY — CREDITOR WHO HAS NOT PROVED HIS DEBT — RIGHT TO FILE OBJECTIONS TO DISCHARGE—PROCEDURE BEFORE A COMMISSIONER—MEANING OF "OTHER PERSONS IN INTEREST."

1. A creditor who has not proved his debt, cannot file objections and make opposition to the discharge of a bankrupt.

[Criticised in Re Shepard, Case No. 12,753. Cited, but not followed, in Re Boutelle, Id. 1,705.]

2. Where exception is taken before a commissioner as to the competency of a party to present objections, on the ground that the creditor had not proved his debt, the commissioner may disregard the same; his duty is to take proofs, under the order of reference, on the objections filed in court; the exception should have been taken by the bankrupt before the court, to the reception of the objections, when offered by the creditors, and the decision of the court had, particularly on the right of the party to oppose his discharge, before the objections were filed and an order of reference was entered on the docket.

3. The words. "other persons in interest," spoken of in the act [of 1841 (5 Stat. 440)]. appear to apply to creditors who have ulterior or contingent claims against a bankrupt, such as signing in co-suretyship with him to third persons, holding his guarantee on some contract or covenant not yet broken, or to cases in which a bankrupt would stand under a liability to a party not amounting to a debt, or coming within the class of claims authorized by the statute to be proved as debts.

[Cited in Book's Case, Case No. 1,637. Criticised in Re Shepard, Id. 12,753.]

In this case the bankrupt [Brown King] had filed his petition for a discharge and certificate, and the case was referred to Commissioner Cambreleng on the objections filed. A preliminary objection was raised by the counsel for the bankrupt, as to the competency of the opposing party to appear and interpose objections in the character of a creditor, inasmuch as he had not proved any debt. The commissioner decided against the objection, and the point was thereupon submitted to the court for adjudication.

Mr. Sears, for bankrupt.

Thompson & Fessenden, for creditors.

BETTS, District Judge. The commissioner was correct in disregarding the exception, as it did not appertain to him to inquire into the capacity of parties to litigate in a matter specifically referred to him for examination. His duty was to take proofs, under the order of reference, on the objections filed in court, and he was bound to consider those objections as admitted by the court, and every question as to the competency of the party to present them. and of regularity in their reception and reference, to have been acted on and disposed of by the court. The bankrupt should accordingly have taken his exception before the court, to the reception of the objections, when offered by the creditor, and obtained the decision of the court preliminarily on the right of the party to oppose his discharge, before the objections were filed and an order of reference was entered upon the docket.

According to strict practice in courts of common or civil law jurisdiction, all exception to the competency of a party to sue or defend. is deemed waived by omitting to interpose an exceptive allegation in the first instance, in the nature of a plea in abatement, and by taking any subsequent step in the cause. It would not, however, be convenient to apply the rules of strict practice, appertaining to processes in plenary suits, to proceedings in bankruptcy, as conducted under this act. They are essentially summary, and informal, and. in the particular now brought up, it might well happen that the objections and order of reference would all be taken simultaneously with the motion of the bankrupt for his discharge, and when he would have no opportunity to search the files and dockets to ascertain whether debts had been proved, or the objector was otherwise qualified to appear and

litigate. The court would accordingly always allow the bankrupt an opportunity to be relieved from an unjustifiable interference with his proceedings after he could make the proper examinations and possess himself of the facts, and not hold him to be ready, at his peril, to resist an opposition which might come upon him without other notice than accompanied the making it. He would therefore, in a proper case, be permitted to move the court, within a reasonable time afterwards, to vacate objections or other proceedings improperly taken against him, and offered unexpectedly in court on his application for a decree. Considering this case as now presented, on a motion to disallow the objections taken, either when they were first offered, or made subsequently to vacate them, I shall proceed to consider and dispose of the points of law raised by the exceptions.

The objections are filed on behalf of Platt Rogers, as an opposing creditor, who, it is conceded, has not proved any debt against the bankrupt. They charge that the bankrupt has fraudulently concealed property, and has since January 1, 1841, in contemplation of bankruptcy, by assignment, &c., secured a preference to some of his creditors. A further exception is taken by the bankrupt to the third objection, that it is inapplicable to the motion for a discharge, and could only be made against the application for a decree of bankruptcy. It charges that the bankrupt has not set forth a correct list of his creditors, with the amount due to each. The decision, however, upon the two first objections, will supersede the necessity of considering this at large.

The bankrupt act marks out two stages of procedure to be taken by a petitioner on his voluntary application for the benefit of the act, each having proceedings peculiar to itself and clearly discriminated from the other. The first step is to obtain a decree declaring him a bankrupt. This privilege is not yielded him as a matter of course. He must show himself clearly within the description of parties specified by the statute, and that he has fulfilled on his part the conditions to such decree prescribed by the first section. Nor does the act rest upon evidence of compliance furnished on his part, however full and convincing it may be, but, by the 7th section, directs him to give public notice in a newspaper, at least for twenty days, of his intention, &c., &c., to apply, and then provides that "all persons interested may appear at the time and place where the hearing is thus to be had, and show cause, if any they have, why the prayer of the said petitioner should not be granted."

Here is the broadest opportunity opened to all persons interested in the matter to appear and be heard against a decree of bankruptcy, the operation of which, under the 3d section, is to divest him of all his property of every name and description, and vest it in the assignee. After this point is passed, and the party is declared a bankrupt, a new relationship commences between him and his creditors; one in which the ulterior hazards are all his, and the advantages, if any now exist, fall to the side of his creditors. The decree can never be revoked, his property cannot be restored; that is now allotted absolutely to his creditors; and he will further be deprived of the benefit of a discharge, the expectation of which was the inducement to his seeking a decree of bankruptcy under certain circumstances pointed out by the act. The posture in which the law places him then, when the final appeal for his discharge is made, is to be regarded. He is required to give very special notice to "all creditors who have proved their debts, and other persons in interest," of his intention to apply for a discharge, and the act then declares that at the time and place "any such creditors, or other persons in interest, may appear and contest the right of the bankrupt thereto." Who then is he compelled to recognize as competent parties to resist this application? It would seem that his creditors, as such, could not rightfully appear in the controversy, but must have the further and special qualification of having proved their debts. This stands both as a condition precedent and as a descriptio personarum prescribed by the statute, and parties, when they attempt to litigate a question under it, most clearly, must bring themselves within the terms and requisitions distinctly indicated by the act. The provisions of the bankrupt act are framed upon the anticipation that every bankrupt will have property passing from him, through his assignee, to his creditors.

The interest in this property is what the law attempts to uphold and secure to creditors. It puts all the powers of the courts in action to discover, arrest, and distribute the property and rights of property of a bankrupt. But, whatever may be its extent, no portion of it can be allotted to persons not having liens upon it, without they first prove their debts. They acquire no persona standi in judicio in respect to a bankrupt's estate, but upon the authority of debts proved. This denotes that in referring to creditors who had proved their debts as empowered to resist the bankrupt in obtaining the special benefits of the act for which he was suing, congress had in view, and intended to describe, that class who were entitled to share his estate and be benefited by the decree of bankruptcy. This special qualification is necessary to enable creditors to partake in dividends (section 10), to file a dissent (section 4), and, under the best accredited rules of interpretation, the like signification should be applied to the same phrase when it occurs again in the same statute; and accordingly it must be accepted as the intendment of congress that creditors, in order to show cause against a bankrupt's discharge, must qualify themselves by proving their debts. Who, then, are "other persons in interest" spoken

of in the act, if creditors are not referred to and included? That the words may embrace creditors, and are used in that sense also by congress, is manifest from the 7th section, authorizing "all persons interested" to show cause against a decree of bankruptcy; and it is most manifest that this right of opposition is extended to creditors, they being the prominent, if not, indeed, the only, parties who would be likely to feel an interest in the matter. Yet it by no means follows that the language bears no other meaning than that of "creditors," and it is against all rules of construction to suppose these different descriptions are used in identically the same sense by congress in the clause under consideration, for then it would be gross tautology, without significancy or necessity. The court must suppose a special meaning was affixed to the language by congress, and, as a fundamental rule of interpretation, that meaning will be regarded as varying from that of creditors, both to avoid redundancy, and because the term "creditors" had been in the same connection used in a way to mark that the nomen generalissimum was not designed, but only a special class. Besides, creditors, in their general relation to the bankrupt, must necessarily be allowed to make the opposition included by the 7th section, because they could not prove their debts until the decree then applied for, and which they were notified to oppose, had actually passed. The court is not called upon to designate the instances in which meaning could be given to the phrase "others in interest," without applying it to creditors, in the ordinary import and understanding of that term. There would seem no incongruity, however, in considering it as embracing ulterior and contingent claims against a bankrupt; such perhaps, as signing in co-suretyship with him to a third person, or holding his guaranty on some contract or covenant not yet broken, and various other cases that might be put in which a bankrupt would stand under a liability to a party, not amounting to a debt, or coming within the class of claims authorized by the statute to be proved as debts.

My opinion, accordingly, is that the creditor could not rightfully file objections and make opposition to the discharge of the bankrupt, for want of having previously proved his debt. The objections will therefore be disallowed